HARRY LEVY, PLAINTIFF-RESPONDENT, v. JOSEPH IAVARONE, DEFENDANT-APPELLANT.

Submitted October term, 1930—Decided April 16, 1931.

Before Justices CASE, DALY and DONGES.

For the plaintiff-respondent, *William Boorstein.*

For the defendant-appellant, *Tumulty & Tumulty.*

PER CURIAM.

This action was originally instituted against Joseph Iavarone and Nichola Mancini jointly as partners in the owner-

ship and operation of a real estate property for a bill of $182 for coal delivered at and consumed on the premises. Mancini, however, was not served with process. The court awarded judgment in favor of the plaintiff and against the appellant in the sum of $182, with interest and costs, and in so doing found as a fact that Iavarone and Mancini were partners with relation to the property during the period in question and that the coal had been sold and delivered at the instance and request of Mancini for the account, however, of the said Mancini and Iavarone.

Appellant denies that there was any debt owing from him to the plaintiff and that there was proof upon which a partnership might have been inferred.

The case turns upon whether there was proof to sustain the finding of the court that the relation of partners did in fact exist. That there is such evidence seems beyond dispute. There is proof that the appellant admitted to the plaintiff that the appellant was not only a partner with Mancini in the ownership and management of the property at the time the coal was purchased, but that subsequently, upon receiving a conveyance of Mancini's interest in the property, he had obligated himself to pay the very bill in question.

The fact that the existence of a partnership between Iavarone and Mancini was not known to the plaintiff at the time the credit was extended is not conclusive against the plaintiff. 47 *Corp. Jur.* 686, § 77; *Ibid.* 899, § 384. By the Uniform Partnership act (2 *Cum. Supp. Comp. Stat., p.* 2659, § 4, *subd.* 3) it is provided that the law of agency shall apply thereunder. Under the law of agency the creditor is not precluded from showing, if he can, that the relationship of principal and agent existed although he may not have been aware of that situation at the time the credit was extended. *Yates* v. *Repetto,* 65 *N. J. L.* 294.

We find that there is evidence to sustain the court's finding in the respects mentioned and indeed in all respects.

We deem it unnecessary to further discuss the remaining points raised on appellant's brief.

Judgment below will be affirmed, with costs.